PAUL MITCHELL, Respondent, *v.* HERBERT S. NEWHAM, Appellant.

Second Department, November 4, 1921.

Motor vehicles — collision between motorcycle and defendant's automobile — failure of defendant to sound horn — verdict for plaintiff against weight of evidence — contributory negligence question for jury — new trial — failure of court in charge to particularize respecting defendant's negligence in failing to look in plaintiff's direction.

In an action for personal injuries suffered as the result of a collision between plaintiff's motorcycle and defendant's automobile, a verdict for the plaintiff, based upon a finding that the defendant did not give warning by sounding his horn, will be set aside as being against the weight of evidence, where as against plaintiff himself five witnesses, three of whom were disinterested, testified that the defendant sounded his horn as he emerged from the park driveway to the main highway.

The finding that the plaintiff was not guilty of contributory negligence was not against the weight of the evidence, for the undisputed fact that the motorcycle stopped and fell at once in the very front of the automobile constitutes circumstantial evidence which the jury might have considered as sufficiently corroborating the plaintiff's testimony that he was driving slowly.

A new trial will be granted where the real issue of defendant's negligence as presented by the evidence, that is, whether or not his failure to look after he cleared a parked car which cut off his view in the direction whence the plaintiff came, was negligence and if so was the proximate cause of the accident, was not submitted to the jury except in a most general way.

APPEAL by the defendant, Herbert S. Newham, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 29th day of January, 1921, upon the verdict of a jury for

$3,500, and also from an order entered in said clerk's office on the 28th day of January, 1921, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Philip A. Rorty [James B. Henney* with him on the brief], for the appellant.

*Frank Comesky,* for the respondent.

MILLS, J.:

The action was brought to recover damages for personal injuries which the plaintiff sustained. through a collision between a motorcycle which he was riding and an automobile which was being driven by the defendant, on June 27, 1920, between four and five o'clock in the afternoon. The collision occurred on Piermont avenue, the leading thoroughfare on the west side of the Hudson river and near it, and opposite to a public pleasure ground known as Fort Comfort Park, situated on the east side of the avenue in the village of Piermont in Rockland county. The avenue there is straight with a macadamized surface twenty-two feet and four inches wide, with a shoulder but no sidewalk on the easterly side. There are two gateway entrances into the park from the avenue, some one hundred and forty feet apart with a hedge along the front between. The collision occurred opposite the northerly entrance, as defendant was driving his automobile out from the park to turn southerly along the avenue, and the plaintiff was driving his motorcycle northerly along the avenue. It came at about the center of the macadamized way, or perhaps a little west thereof. The entrance driveway is twelve and one-half feet wide and flanked upon either side by a large, high stone post only seven feet from the edge of the macadam. The defendant with his family, wife and four children, had driven up to the park from their home at Bayonne, N. J., and spent the greater part of the day there. When he was ready to return, and his family already in the car, he started it up in the driveway from a point near the gateway, about twenty feet inside. Just before he started he looked to the south over the hedge along the avenue, and saw no vehicle moving. There was a limousine car standing parked on the east side of the road about four feet south of that gateway, which cut off his view

to the south until he had passed that car. He sounded the horn of his automobile and passed out very slowly at the speed of a walk, and was on the point of turning south when the collision occurred. He had not looked south again after he started his car. Upon the collision happening, defendant's car stopped at once and the motorcycle fell down in front of it. The only mark on the automobile was on the front end of one of the front springs, and the motorcycle bore marks upon its side. Several witnesses testified that the motorcycle was going at a high rate of speed, even up to forty miles an hour; but plaintiff testified that he was going only at the rate of ten to twelve miles an hour. He was his only witness as to the accident. He testified that he heard no horn or warning from defendant's car before it appeared on the highway; but the defendant, his wife and three disinterested witnesses testified that they heard it. The plaintiff also testified that his view of the gateway was cut off by the parked car, and that he looked just as he passed it, and that then defendant's automobile was out and upon him.

Upon the foregoing facts it seems plain to me that the only substantial ground upon which a finding of defendant's negligence could be sustained is that defendant did not look south along the much-traveled highway as or after he passed the parked car. The obstructions were such that probably if he had looked after starting up some twenty feet away, he would not have seen the approaching motorcycle. As specifications of negligence the plaintiff, in addition to a general charge, alleges (a) high and dangerous speed of defendant's automobile; and (b) its running out without notice or warning. The learned trial justice in the main charge submitted both of those specifications; but finally, at the request of defendant's counsel, in effect withdrew the former, i. e., excessive speed; and also, in granting a request of plaintiff's counsel, submitted defendant's duty " in coming out of the driveway to be watchful of others using the highway." The charge, however, nowhere submitted, as it should have done, clearly and precisely the issue of defendant's negligence upon the question whether or not in the exercise of ordinary care defendant should have looked to the south after passing the parked car so that he could see in that direction along the avenue.

The verdict, therefore, must here be considered as based upon a finding that defendant did not give warning by sounding the horn before he emerged from the driveway. Certainly that finding was against the weight of the evidence. If the plaintiff's negative testimony that he did not hear it was enough, which may be doubted, to justify submitting that issue to the jury in the face of the affirmative testimony of five witnesses, three disinterested, that the horn was sounded, it certainly was not enough to prevent the opposing evidence having the greater weight. The verdict, therefore, must be set aside as being in that respect against the weight of the evidence.

The learned counsel for the appellant also contends that the finding of plaintiff's freedom from contributory negligence is against the weight of the evidence, inasmuch as several witnesses testified that his motorcycle was going very fast. I consider that, as the learned counsel for the respondent argues, the undisputed fact that the motorcycle stopped and fell at once in the very front of the car constitutes circumstantial evidence which the jury might consider as sufficiently corroborating the plaintiff's testimony that he was going slowly. Of course, it may be argued that, if the plaintiff looked as soon as he passed the parked car, and then saw defendant's automobile almost upon him, the defendant, if he looked to the south as soon as he cleared the parked car, would have seen the motorcycle almost upon his car so that the collision was then inevitable; but I think that that contention must be addressed to and be passed upon by the jury. Possibly defendant from his more elevated position could have seen clearer and better than the plaintiff; but that point does not appear to have been specially investigated at the trial. The plain fact is, however, that the case upon the real issue of defendant's negligence as presented by the evidence, that is, whether or not his failure to look after he cleared the parked car was negligence and if so was a proximate cause of the accident, was not submitted to the jury except in a most general way; but neither counsel asked for any such specification or limitation. It is to be noted that the trial justice in his memorandum denying the motion for a new trial sustained the finding of defendant's negligence upon that very ground;

but in that memorandum he did not notice the question of defendant's having given the warning.

Therefore, I advise that the judgment and order appealed from be reversed and a new trial granted, with costs to abide the event.

Blackmar, P. J., Rich, Jaycox and Manning, JJ., concur.

Judgment and order reversed and new trial granted, with costs to abide the event. Settle order before the presiding justice.